UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BRETT CHARTRAND,**

    **Plaintiff,**

vs.

**MOSSY OAK FENCE, LLC and**
**AMERICAN WHOLESALE FENCEWORKS, LLC**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Brett Chartrand ("Plaintiff" or "Chartrand"), by and through her undersigned attorneys, sues the Defendants, Mossy Oak Fence, LLC ("Mossy Oak") and American Wholesale Fenceworks, LLC ("Fenceworks") (collectively "Defendants") and alleges as follows.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Ocala Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events

giving rise to this claim occurred in this Judicial District.

## PARTIES

3. Plaintiff is a resident of Lake County, Florida.

4. Defendant Mossy Oak Fence, LLC is a Florida corporation, licensed and authorized to conduct business in Lake County, Florida.

5. Defendant American Wholesale Fenceworks, LLC is a Florida corporation, licensed and authorized to conduct business in Lake County, Florida.

6. Defendants are joint employers and/or a common or integrated enterprise.

## GENERAL ALLEGATIONS

7. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

8. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

9. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. On or about May 3, 2021, Plaintiff began her employment as a receptionist earning $15.00 per hour.

12. On or about October 2021, Plaintiff was transferred to the position of Commercial Project Coordinator earning the same rate of pay.

13. Plaintiff learned she was being paid roughly one third of what the male employee who she replaced was earning.

14. Plaintiff worked for and was provided paychecks by both Mossy Oak Fence and American Wholesale Fenceworks.

15. Plaintiff had an unblemished personnel record.

16. In February 2022, Plaintiff informed her employer she was pregnant.

17. On or about March 11, 2022, the President Scott Applegate approached Plaintiff and asked her if she was a high-risk pregnancy.

18. Later that day, he along with the Vice President, Marlon Gomez and Cathleen McCarty in accounting came to Plaintiff and asked her to leave and not come back until she had a doctor's note, even though her doctor had not placed her on any work-related restrictions.

19. The following Wednesday, March 16, 2022, Plaintiff returned with a note from her OBGYN, but Scott Applegate became upset and told Plaintiff he

needed all of her doctors' notes.

20. The following day Plaintiff received a call from Becky Everhart in Human Resources telling her Scott Applegate did not want her back until he was able to get more information from her doctors.

21. Plaintiff informed Becky Everhart that she felt this was inappropriate and was going to contact a lawyer.

22. Becky Everhart informed Plaintiff that she should show up on Monday, so Plaintiff did not have to get a lawyer. However, when Plaintiff returned to work on Monday they changed her work hours from 6:30 a.m. - 3:30 p.m. to 8:00 a.m. – 5:00 p.m., knowing this would make it more difficult for Plaintiff to schedule her doctors' appointments after work hours.

23. On or about July 28, 2022, Plaintiff gave birth to her child who was ten weeks pre-mature.

24. On September 2, 2022, only five weeks into her maternity leave Plaintiff was, without prior notice or warning, terminated.

25. Defendants did not notify Plaintiff about her eligibility for leave under the Family Medical Leave Act ("FMLA").

26. Defendants failed to restore Plaintiff's position following her maternity leave.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

27. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 26.

28. Defendants' actions interfered with Plaintiff's lawful exercise of her FMLA rights.

29. Defendants' actions constitute violations of the FMLA.

30. As a result of Defendants' unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorney's fees and costs;

    e. Equitable relief;

    f. Such other relief as is permitted by law.

## COUNT II
## EQUAL PAY ACT

31. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 26.

32. Defendants practice of paying Plaintiff less than it paid male comparators for equal work on jobs the performance of which required equal skill, effort and responsibility and which were performed under similar working conditions violates the Equal Pay Act, 29 U.S.C. § 206(d).

33. Defendants knew that its failure to provide Plaintiff pay equal to the pay it provided similarly situated male employees for equal work on jobs the performance of which required equal skill, effort and responsibility and which was performed under similar working conditions was in violation of the law or acted in reckless disregard of whether its conduct was in violation of the law.

34. As a direct result of Defendants' unlawful conduct, Plaintiff lost pay to which she was entitled during the time she was employed by Defendants.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

    a. Damages for the difference in pay between what similarly situated males earned to that which Plaintiff earned during the period she was employed by Defendants;

    b. Liquidated damages;

    c. Prejudgment interest;

    d. Attorneys' fees and costs; and,

    e. All such other relief as this Court may deem just and

equitable.

Dated this 2nd day of November 2022.

                               FLORIN GRAY BOUZAS OWENS, LLC

                               /s/Wolfgang M. Florin
                               **WOLFGANG M. FLORIN, ESQUIRE**
                               Florida Bar No.907804
                               wflorin@fgbolaw.com
                               **SCOTT L. TERRY, ESQUIRE**
                               Florida Bar No.: 77105
                               sterry@fgbolaw.com
                               16524 Pointe Village Drive, Suite 100
                               Lutz, FL 33558
                               Telephone (727) 220-4000
                               Facsimile (727) 483-7942
                               Attorneys for Plaintiff